IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON CODY WAINWRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-551-WHA-KFP |
| | ) | [WO] |
| AUTAUGA COUNTY METRO JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Brandon Wainwright filed this 42 U.S.C. § 1983 action on August 19, 2021. After reviewing Plaintiff's September 1, 2021 Amended Complaint (Doc. 4) and finding deficiencies, the Court determined that Plaintiff should be provided an opportunity to file an amended pleading correcting those deficiencies. On September 10, 2021, the Court entered a detailed Order explaining the deficiencies in the Amended Complaint and providing Plaintiff with specific instructions regarding filing a second amended complaint. Doc. 6. Plaintiff was informed multiple times that his failure to comply with that Order would result in a Recommendation this case be dismissed. Docs. 6 at 3, 9 at 1. To date, Plaintiff has not filed an amended complaint as directed or otherwise complied with the September 10 Order.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The

authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that:

On or before **February 17, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 3rd day of February, 2022.

                                    /s/ Kelly Fitzgerald Pate
                                    KELLY FITZGERALD PATE
                                    UNITED STATES MAGISTRATE JUDGE